UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
LOMAR RIDDLES,

                Plaintiff,

      -against-

SALLIE MAE;
ROXANNE REMBIS, Customer Advocate;
HSBC BANK;
THOMAS M. KIMBLE, Vice President; and
JP MORGAN CHASE,

                Defendants.
----------------------------------------------------------X

**MEMORANDUM AND ORDER**
08-CV-1499 (NG)

GERSHON, United States District Judge.

*Pro se* plaintiff LoMar Riddles brings the above-captioned civil action against three financial institutions and some of their officers. Defendant HSBC bank moved to dismiss. Plaintiff's request to proceed *in forma pauperis* is granted for the limited purpose of this Order, but for the reasons set forth below, the motion to dismiss is granted.

## BACKGROUND

The Complaint is labeled as a Petition pursuant to New York Civil Procedure Article 78. Plaintiff alleges that the defendant financial institutions have acted fraudulently and unfairly, thereby denying him financial freedom and discriminating against him on the basis of his disability.

Plaintiff alleges that defendant Sallie Mae has refused to grant a disability discharge on his defaulted student loans. (Complaint at 2.)[1] He further asserts that he made some payments in 2000 and 2007, but that customer advocate Roxanne Rembis told him that there was no record of these payments. (Id.) He asserts that these accounts have now been turned over to a collection agency,

---

[1] The six pages of the Complaint are unnumbered. Accordingly, the Court has assigned consecutive page numbers.

NYS Higher Education Services. The Complaint further alleges that "[i]t appears that Ms. Rembis was hired for the sole purpose of faking my delinquency then leaving the bill with the state of education while pocketing the payments made and selling my bill for the value." (Complaint at 5.) Plaintiff "demands restitution for all mental damage and hospital bill from period of 2006 till present." (Complaint at 5.) He seeks $150,000 in damages against this defendant and an injunction from further collection activity. (Complaint at 4, 5.)

Plaintiff claims that defendant HSBC bank limited his credit line and charges excessively high interest and fees for penalties and cash advances on his credit card. Plaintiff apparently believes that these policies have kept him in debt and that this "flow of debt to persons like the plaintiff [leaves] the Federal Reserves unable to replenish itself." (Complaint at 3.) He also suggests that these limitations on his ability to get an adequate line of credit constitute "Employment Discrimination" because he is unable to maintain his business without credit. (Id.) He seeks $1 million in damages against this defendant and includes a "[r]equest that a representative from Visa and MasterCard be present to verify the practice of the HSBC interest policies on cash advances and penalty's [sic]." (Complaint at 2, 4.)

Plaintiff's claims against defendant JP Morgan Chase involve a lien placed on his bank account to satisfy a child support judgment against him. Plaintiff has detailed his concerns about the child support collection activity in a previously filed case, Riddles v. Child Support Collection Agency, Docket No. 08-CV-1269-NG (E.D.N.Y.). He attaches a letter from the bank notifying him of a Levy for Child Support and a bank statement showing a negative balance in his account of $5,346.92. The Complaint does not specify damages against this defendant but requests "that the Courts fine the defendants for the amount of $1'150'000'00 [sic]." (Complaint at 5.)

The Complaint also mentions unidentified individuals who have also suffered from the policies of the credit industry; includes unspecified accusations of "fraud, loan sharking, and entrapment" (Complaint at 2), "Evidence Tampering" (Complaint at 3), "Disability Discrimination" (Id.), "Grand Larceny" (Complaint at 4), and treason (Id.); and references several New York state court cases involving plaintiff.

## DISCUSSION

### A. Standard of Review

In reviewing Plaintiff's Complaint, the Court is mindful that because he is proceeding *pro se*, his submissions should be held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980). Furthermore, his pleadings must be read liberally and interpreted as raising the strongest arguments they suggest. McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999).

However, Title 28, Section 1915(e)(2)(B) of the United States Code requires a district court to dismiss a case seeking *in forma pauperis* status if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action. See, e.g., Rene v. Citibank NA, 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999). "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a

party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000) (citations omitted). Federal subject matter jurisdiction is available only when a "federal question" is presented, or when plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000. In order to invoke federal question jurisdiction, the plaintiff's claim(s) must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

**B. Lack of Subject Matter Jurisdiction**

Plaintiff invokes the jurisdiction of this Court on the basis of Article 78 of the N.Y.C.P.L.R., which provides a procedure for challenging a specific decision of a state administrative agency. Some of his claims arise out of a dispute with a state agency about child support obligations. However, only the New York state courts have jurisdiction over Article 78 proceedings. See Campo v. New York City Employees' Ret. Sys., 843 F.2d 96, 101 (2d Cir. 1988); N.Y.C.P.L.R. 7803 (McKinney 1994) (Practice Commentary 7804:2) ("[T]he Supreme Court has exclusive jurisdiction over most Article 78 proceedings .... Certain Article 78 proceedings, however, must be commenced in the [state] Appellate Division."). Accordingly, any Article 78 claim must be pursued in state court, as this Court lacks subject matter jurisdiction over these claims.

Plaintiff's references to his defaulted student loans and denied requests for a disability discharge may be invoking the provisions of Title IV of the Higher Education Act of 1965 ("HEA"). The HEA permits the Secretary of Education to discharge a loan guaranteed by the Department of Education for a student borrower who "becomes permanently and totally disabled, as determined in accordance with regulations of the Secretary." 20 U.S.C. § 1087dd(c)(1)(F). The administrative procedures for seeking a discharge of a federal student loan on the basis of permanent disability are

4

outlined in the Code of Federal Regulations, at 34 C.F.R. § 674.61(b) (pertaining to Perkins Loans) and § 682.402(c) (pertaining to the Federal Family Education Loan ("FFEL") program). See also Guillermety v. Secretary of Educ., 341 F. Supp. 2d 682, 686 (E.D. Mich. 2003). In order to obtain a cancellation of a loan obtained through the FFEL program, the borrower must submit a loan discharge application, which includes a certification by a physician that the borrower is totally and permanently disabled. 34 C.F.R. § 682.402(c). The regulations define "totally and permanently disabled" as "[t]he condition of an individual who is unable to work and earn money because of an injury or illness that is expected to continue indefinitely or result in death." 34 C.F.R. § 674.51(s) (Perkins loans); 34 C.F.R. § 682.200(b) (FFEL program). Current regulations do not provide for an appeal of decisions denying discharge on the basis of disability, but a borrower may reapply for a discharge if his condition worsens. The HEA does not give student borrowers a private right of action to enforce its provisions in federal court. See Labickas v. Arkansas State University, 78 F.3d 333, 334 (8th Cir. 1996) (concluding that the HEA reserves all enforcement activity to the Secretary of Education, citing 20 U.S.C. §§ 1070(b), 1082(a)(2), 1082(h)).

Here, plaintiff alleges that defendant Sallie Mae "denied my total disability form after putting in some sort of collection agency. At this time during the defendants reign, several deferments and two applications for permanent disability have been denied in 2006." (Complaint at 2.) Plaintiff does not indicate the procedures he followed or whether he complied with the regulations for seeking such disability discharge. Accordingly, the Court is unable to determine if the denials were based on his failure to follow the proper procedures, including submitting a physician's report, or the loan holder's determination that he did not suffer from a permanent and total disability. In any case, the HEA does not provide an appeals process, nor any basis for a cause of action in federal court.

None of the other allegations in the Complaint suggests any federal question that could serve as the basis for subject matter jurisdiction.

Although plaintiff does not specifically invoke diversity jurisdiction under 28 U.S.C. § 1332, the Court has considered whether there is a basis for asserting federal jurisdiction under this statute. Plaintiff provides addresses for each of the defendants that are outside of New York State and claims damages greater than $75,000. However, the Court cannot find that the amount in controversy satisfies the jurisdictional amount of $75,000. "A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." Chase Manhattan Bank, N.A. v. Am. Nat'l Bank and Trust Co. of Chicago, 93 F.3d 1064, 1070 (2d Cir. 1996) (quoting Tongkook Am., Inc. v. Shipton Sportswear Co., 14 F.3d 781, 784 (2d Cir. 1994)). Here, plaintiff seeks money damages in the amount of $1,150,000 or more, but the Court finds that it is not reasonably probable that plaintiff can recover more than $75,000 in this action; plaintiff's complaint offers no rationale for the 1,150,000 in damages he claims he is owed, or how the amount is in any way related to his allegations against the defendants. Therefore, the instant Complaint does not provide a basis for jurisdiction pursuant to 28 U.S.C. § 1332.

## CONCLUSION

As Plaintiff neither raises a question of federal law, nor asserts a claim that would give rise to diversity jurisdiction, the Court has no basis for federal subject matter jurisdiction over this action. Accordingly, the Complaint, including the allegations against the non-moving defendants, who may or may not have been served, is dismissed for lack of jurisdiction, Fed. R. Civ. P. 12(h)(3), and for failure to state a claim, 28 U.S.C. § 1915(e)(2)(B). The Court also denies a motion labeled "Amend"

which, even if granted, would not affect the lack of viability of this complaint. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

s/Hon. Nina Gershon

NINA GERSHON
United States District Judge

Dated: ~~October~~ November 2, 2009
Brooklyn, New York